FILED: JUNE 17, 2008
Case 1:08-cv-03481    Document 1    Filed 06/17/2008    Page 1 of 43
08CV3481
JUDGE MANNING
MAGISTRATE JUDGE DENLOW

PH

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**
**CIVIL ACTION NO._____**

CE DESIGN LTD.                                                    PLAINTIFF

vs.                              **NOTICE OF REMOVAL**

CARLSON SOFTWARE, INC.                                    DEFENDANT

**** **** ****

Defendant, Carlson Software, Inc., ("Carlson Software") hereby gives notice that it has removed the above-captioned action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court, Northern District of Illinois. In support of the removal, Carlson Software respectfully states as follows:

## I. STATE COURT ACTION

On or about May 29, 2008, service of Plaintiff's Summons and Complaint was made on Carlson Software in an action commenced by the Plaintiff in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, asserting claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Illinois Consumer Fraud and Deceptive Business Practices Act, and claims for common law conversion. Copies of the Summons, Complaint, and Plaintiff's Motion for Class Certification are attached hereto as Exhibit A.

This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), being within thirty (30) days of receipt of the Complaint at which time it was first ascertained that this matter was removable.

## II. BASIS FOR REMOVAL

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In the Complaint, Plaintiff alleges that Carlson Software violated the TCPA by sending unsolicited advertisements via facsimile. "[A] claim that a business violated the Telephone Consumer Protection Act arises under federal law..." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450 (7th Cir. 2005). 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has jurisdiction under 28 U.S.C. § 1331 and removal is proper pursuant to 28 U.S.C.A. § 1441.[1]

Respectfully submitted,

/s/ Marty J. Schwartz
Marty J. Schwartz
222 North LaSalle Street
Suite 1960
Chicago, Illinois 60601
Telephone: 312.422-4380
Facsimile: 312.422-4399

William A. Hoskins
Christi R. Lee
Jackson Kelly PLLC
175 E. Main Street, Suite 500
P.O. Box 2150
Lexington, Kentucky 40588-9945
Telephone: (859) 255-9500
Facsimile: (859) 288-2849
*Counsel for Carlson Software, Inc.*

---

[1] Because the Plaintiff expressly disclaimed any recovery in excess of $75,000 and because this Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Defendant will not address the issue of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by U.S. Mail upon the following:

Clerk of the Circuit Court, Cook County, Illinois
Richard J. Daley Center, Room 1001
50 West Washington Street
Chicago, Illinois 60602

Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
*Counsel for Plaintiff*

Phillip A. Bock
Diab & Bock, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
*Counsel for Plaintiff*

On this the 17th day of June, 2008.


/s/ Marty J. Schwartz
*Counsel for Carlson Software, Inc.*

test00003

# Guaranteed Subpoena Service, Inc.

NAPPS Member
2009 Morris Avenue, Union, New Jersey 07083
Phone: (800) 672-1952 Fax: (908) 688-0895 Email: info@Served.com
## www.SERVED.com

| | |
|---|---|
| **FROM:** | Elisa Orrico    DATE: 5/16/2008 |
| **GSS#:** | 20080516105502 |
| **TO:** | MASON COUNTY SHERIFF'S OFFICE-KY |
| | 31 WEST 3RD STREET  - MAYSVILLE, KY 41056 |
| **Phone:** | 6065643309   Fax:       E-mail: |

SPECIAL INSTRUCTIONS:
1. GUARANTEED SUBPOENA SERVICE AFFIDAVIT/PROOF OF SERVICE MUST BE COMPLETED IN FULL!
2. IN ACCORDANCE WITH NEW JERSEY RULES OF COURT 4:4-7 WE MUST FILE THE AFFIDAVIT/PROOF OF SERVICE WITHIN THE TIME THE DEFENDANT HAS TO RESPOND. YOUR FAILURE TO IMMEDIATELY RETURN THE AFFIDAVIT WILL NOT ALLOW US TO COLLECT ANY FEES; THEREFORE NO PAYMENT COULD BE MADE FOR YOUR SERVICE!

Service is on:   **AJA**   CARLSON SOFTWARE, INC C/O ROBERT BRUCE CARLSON, R.A.
102 WEST SECOND ST  SUITE 2000
MAYSVILLE, KY 41056

Paper(s) to be served:   ALIAS SUMMONS, CLASS ACTION COMPLAINT, MOTION FOR CLASSCERTIFICATION

Last Day To Serve:   6-13-08
05/20/2008   We Have Attached A Witness Fee Of:

Check Number

## PLEASE SERVE AND RETURN NOTARIZED AFFIDAVIT BY DUE DATE, THANK YOU

IMPORTANT:
- SHOULD YOU ENCOUNTER ANY DIFFICULTY IN RENDERING SERVICE, PLEASE CONTACT YOUR GUARANTEED SUBPOENA SERVICE CUSTOMER SERVICE REPRESENTATIVE IMMEDIATELY!
- ALL ACKNOWLEDGEMENTS, FOR SUMMONS, MUST BE FILLED OUT OR SERVICE IS INVALID!
- SERVICE MUST BE EFFECTED IN A MANNER SPECIFIED BELOW:

PERSONAL SERVICE:  BY PERSONALLY DELIVERING COPIES TO PERSON BEING SERVED.

SUBSTITUTED SERVICE AT RESIDENCE:  By personally delivering copies to the dwelling or usual place of abode of the person(s) (or authorized person(s) on behalf of an entity) being served.  The person(s) receiving the document(s) must be at least ___ years of age and should be informed of the general nature of the document(s).  If the document(s) are served in this manner, you should/should not mail copies of the same to the address where the papers were left. May substitute on  3  attempts.

CORPORATE SERVICE AT BUSINESS:  By personally delivering copies to the office or place of business of the person(s) (or authorized person(s) on behalf of the entity) being served.  The person(s) receiving the document(s) must be at least ___ years of age and should be informed of the general nature of the document(s).  If the document(s) are served in this manner, you should/should not mail copies of the same to the address where the papers were left.  May substitute on  3  attempts.

**TOTAL FEES FOR SERVICES RENDERED SHOULD NOT EXCEED  $0.00 WITHOUT ADVANCED AUTHORIZATION! BOTH THIS FORM AND THE PROOF OF SERVICE MUST BE RETURNED BEFORE PAYMENT COULD BE RENDERED!**

MAY-28-2008 04:35PM  From: 6065649525          ID:JACKSON KELLY

EXHIBIT
A

CARLSON SOFTWARE

| | |
|---|---|
| 2120 - Served | 2321 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS    CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, __CHANCERY__ DIVISION

(Name all parties)

CE DESIGN LTD., individually and as the representative of a
class of similarly-situated persons, Plaintiff

v.

CARLSON SOFTWARE, INC.

No. 07 CH 37170

Serve Defendant:
Carlson Software, Inc.
c/o Robert Bruce Carlson, Reg. Agent
102 West Second Street, Suite 200
Maysville, KY 41056

A L I A S
SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__ , Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |

| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
|---|---|---|
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca of Anderson + Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Road, Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: 847/368-1500

Service by Facsimile Transmission will be accepted at:

WITNESS, MAY 1 4 2008

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

( ) _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

test00005

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CE DESIGN LTD., an Illinois corporation,  )
individually and as the representative of a  )
class of similarly-situated persons,  )
  )
             Plaintiff,  )
  )    No.
     v.  )
  )
CARLSON SOFTWARE, INC  )
  )
             Defendant.  )

```
2007CH37170
CALENDAR/ROOM 11
TIME 00:00
Class Action
```

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, CE DESIGN LTD., by its attorneys, Anderson + Wanca and Bock & Bock,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

    All persons who (1) on or after four years prior to the filing of this
    action, (2) were sent telephone facsimile messages of material
    advertising the commercial availability of any property, goods, or
    services by or on behalf of Defendant, (3) with respect to whom
    Defendant did not have prior express permission or invitation for
    the sending of such faxes and (4) with whom Defendant did not
    have an established business relationship.

    All persons who (1) on or after five years prior to the filing of this
    action, (2) were sent telephone facsimile messages of material
    advertising the commercial availability of any property, goods, or
    services by or on behalf of Defendant, (3) with respect to whom
    Defendant did not have prior express permission or invitation for
    the sending of such faxes and (4) with whom Defendant did not
    have an established business relationship.

    All persons who (1) on or after three years prior to the filing of this
    action, (2) were sent telephone facsimile messages of material
    advertising the commercial availability of any property, goods, or
    services by or on behalf of Defendant, (3) with respect to whom
    Defendant did not have prior express permission or invitation for

 

the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, CE DESIGN LTD., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

CE DESIGN LTD., individually and as the representative for a class of similarly-situated persons

By:  _____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Attorney No. 42073

2

test00007





# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CE DESIGN LTD., individually and as the )
representative of a class of similarly- )
situated persons, )
          )
         Plaintiff, )
          )   No.
       v. )
          )
CARLSON SOFTWARE, INC. )
          )
         Defendant. )

2007CH37170
CALENDAR/ROOM 11
TIME 00:00
Class Action

## CLASS ACTION COMPLAINT

Plaintiff, CE DESIGN LTD. ("Plaintiff") brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, CARLSON SOFTWARE, INC. ("Defendant"):

## PRELIMINARY STATEMENT

1.     This case challenges Defendant's practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy.



Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.     Plaintiff is an Illinois corporation with its principal place of business in Cook County, Illinois.

10.     On information and belief, Defendant, CARLSON SOFTWARE, INC is a Kentucky corporation with its principal place of business in Maysville, Kentucky..

2



## FACTS

11.    On or about December 5, 2007, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

3

 

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendant sent unsolicited fax advertisements;

(ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)  Whether the Court should award trebled damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

4

test00011



20.  The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.  The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.  The TCPA provides:

>  3.  <u>Private right of action.</u>  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>  (A)  An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>  (B)  An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>  (C)  Both such actions.

23.  The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

24.  Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.  The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.  Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax

5



advertisements about Defendant's goods or services and that no established business relationship existed with Plaintiff and the other members of the class.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CARLSON SOFTWARE, INC, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

6

CARLSON SOFTWARE

 

D.   That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.   In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

31.   A class action is proper in that:

(a)   On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)   There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)   Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)   Whether Defendant committed the tort of conversion.

7



32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

8

05/29/2008 38 6065649525 CARLSON SOFTWARE PAGE 14



39. Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CARLSON SOFTWARE, INC, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

9

05/28/2008 16:46 6065649525 CARLSON SOFTWARE

 

41. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42. In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

43. A class action is proper in that:

(a) On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii) Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv) Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

10



(v)    Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax

11

test00018

05/28/2008 CARLSON SOFTWARE PAGE 17

 

machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CARLSON SOFTWARE, INC, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

CE DESIGN LTD., individually and as the representative of a class of similarly situated persons

By: _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Attorney No. 42073

12

 

EXHIBIT A

Page 1 of 1   3:21:15 PM, 12/5/2007   606 5640422   Carlson Software

# Carlson Holiday Specials

## Give Yourself a Present Before the End of the Year.

**Get the Carlson Civil Suite — Civil, Survey, Hydrology and GIS — for just $1995 for a limited time only.**

Carlson Software is so convinced you will like them — maybe even love them — that to get you started, the Carlson Civil Suite (regularly $3500) is just $1995 until Dec. 31, 2007.

Here's a choice — a choice with a complete toolset and it is ready now. The Carlson Civil Suite 2008 is loaded with capabilities to streamline the steps to get even the biggest jobs done quickly, accurately and with better design. Based on AutoCAD and updated annually to meet users' needs, these four modular programs work together.

For more information, call us at 800-989-5028 and ask for the Carlson Civil Suite special or email civil@carlsonsw.com.



## Takeoff 2 Special Pricing Promotion



Get the T2 update *with training* now and **SAVE $395** — get the $1295 Upgrade to Takeoff 2.0 PLUS 3 days of Carlson College training, normally $1895, for $2,795 — $395 off the total of $3190 — if you place an order before Dec. 31, 2007. Call your reseller to learn of other Takeoff 2.0 promotions.

## Get the Juniper Allegro 128/512 With Carlson SurvCE2.0 & Roading for $4495* (That's a savings of $1000!)

The ultra-rugged Allegro CX Field PC is built to perform in the most demanding outdoor or industrial environments. Combine this with Carlson SurvCE2.0 complete with Roading and the result is an incredibly powerful and accurate data collection system that works for you!



* North America at.

## Visit www.carlsonsw.com or call 800-989-5028 for Carlson reseller ready to serve you. Happy Holidays

Opt Out Notice: You have been sent this fax in compliance with 47 U.S.C. Section 227 because of your established business relationship with Carlson Software. You may request for us to permanently stand any advertisements to you any Carlson Software reduce to comply within 30 days is unlawful. To do so, please call 606-564-5028, 24 hours a day 7 days a week with your request, or fax (606-564-5028) or email generic@carlsonsw.com a request with the sense OPT OUT in the subject line. If you leave a telephone voice message, send us a fax, or email us, you must also reference the facsimile number to which the opt out request pertains.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CIVIL ACTION NO._____**

CE DESIGN LTD.                                                                  PLAINTIFF

VS.                          **RULE 3.2 NOTIFICATION STATEMENT**

CARLSON SOFTWARE, INC.                                         DEFENDANT

**** **** ****

    Carlson Software, Inc., pursuant to LR 3.2, submits the following list of entities that are subsidiaries or affiliates of Carlson Software, Inc.:

Altus Positioning Systems, Inc.

Carlson Software Australia

Respectfully submitted,

/s/ Marty J. Schwartz
Marty J. Schwartz
222 North LaSalle Street
Suite 1960
Chicago, Illinois 60601
Telephone: 312.422-4380
Facsimile: 312.422-4399

William A. Hoskins
Jackson Kelly PLLC
175 E. Main Street, Suite 500
P.O. Box 2150
Lexington, Kentucky 40588-9945
Telephone: (859) 255-9500
Facsimile: (859) 288-2849
*Counsel for Carlson Software, Inc.*


EXHIBIT
B

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served by U.S. Mail upon the following:

Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
*Counsel for Plaintiff*

Phillip A. Bock
Diab & Bock, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
*Counsel for Plaintiff*

On this the 17th day of June, 2008.

/s/ Marty J. Schwartz
*Counsel for Carlson Software, Inc.*

test00023

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION
## CIVIL ACTION NO._____

CE DESIGN LTD.                                                    PLAINTIFF

vs.                    **ANSWER OF CARLSON SOFTWARE, INC.**

CARLSON SOFTWARE, INC.                                           DEFENDANT

**** **** ****

Carlson Software, Inc. states as follows for its answer to Plaintiff's Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief may be granted.

### SECOND DEFENSE

1.     Paragraph 1 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 1 of the Complaint.

2.     The averments contained in paragraph 2 of the Complaint set forth legal conclusions to which no response is required.

3.     Paragraph 3 of the Complaint contains broad categorical statements not specifically addressed to this Defendant and does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 3 of the Complaint.



4.      Paragraph 4 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 5 of the Complaint.

### JURISDICTION AND VENUE

6.      With respect to paragraph 6 of the Complaint, Defendant admits that it conducts business in Illinois. Defendant denies the remainder of the averments contained in paragraph 6 of the Complaint.

7.      Defendant denies the averments contained in paragraph 7 of the Complaint.

8.      Defendant denies the averments contained in paragraph 8 of the Complaint.

### PARTIES

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint.

10.      Defendant admits the averments contained in paragraph 10 of the Complaint.

### FACTS

11.      Defendant admits the averments contained in paragraph 11 of the Complaint.

12.      Defendant denies the averments contained in paragraph 12 of the Complaint.

13.      Defendant denies the averments contained in paragraph 13 of the Complaint.

14.      The averments contained in paragraph 14 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 14 of the Complaint.

test00025

## COUNT I

15.    With respect to the averments incorporated by reference in paragraph 15 of the Complaint, Defendant incorporates by reference its responses previously set forth.

16.    Paragraph 16 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 16 of the Complaint

17.    Defendant denies the averments contained in paragraph 17 of the Complaint.

18.    With respect to the averments contained in paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment alleging that Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. The remainder of the averments contained in paragraph 18 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the remainder of the averments contained in paragraph 18 of the Complaint.

19.    Defendant denies the averments contained in paragraph 19 of the Complaint.

20.    The averments contained in paragraph 20 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 20 of the Complaint.

21.    The averments contained in paragraph 21 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 21 of the Complaint.

test00026

22.　　The averments contained in paragraph 22 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 22 of the Complaint.

23.　　The averments contained in paragraph 23 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 23 of the Complaint.

24.　　The averments contained in paragraph 24 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 24 of the Complaint.

25.　　The averments contained in paragraph 25 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 25 of the Complaint.

26.　　The averments contained in paragraph 26 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 26 of the Complaint.

27.　　Defendant denies the averments contained in paragraph 27 of the Complaint.

28.　　The averments contained in paragraph 28 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 28 of the Complaint.

## **COUNT II**

29.　　With respect to the averments incorporated by reference in paragraph 29 of the Complaint, Defendant incorporates by reference its responses previously set forth.

test00027

30.     Paragraph 30 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 30 of the Complaint

31.     Defendant denies the averments contained in paragraph 31 of the Complaint.

32.     With respect to the averments contained in paragraph 32 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment alleging that Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. The remainder of the averments contained in paragraph 32 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the remainder of the averments contained in paragraph 32 of the Complaint.

33.     Defendant denies the averments contained in paragraph 33 of the Complaint.

34.     The averments contained in paragraph 34 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 34 of the Complaint.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained paragraph 35 of the Complaint.

36.     The averments contained in paragraph 36 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 36 of the Complaint.

37.     Defendant denies the averments contained in paragraph 37 of the Complaint.

38.     Defendant denies the averments contained in paragraph 38 of the Complaint.

39.     Defendant denies the averments contained in paragraph 39 of the Complaint.

test00028

40.    Defendant denies the averments contained in paragraph 40 of the Complaint.

## COUNT III

41.    With respect to the averments incorporated by reference in paragraph 41 of the Complaint, Defendant incorporates by reference its responses previously set forth.

42.    Paragraph 42 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 42 of the Complaint.

43.    Defendant denies the averments contained in paragraph 43 of the Complaint.

44.    With respect to the averments contained in paragraph 44 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment alleging that Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. The remainder of the averments contained in paragraph 44 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the remainder of the averments contained in paragraph 44 of the Complaint.

45.    Defendant denies the averments contained in paragraph 45 of the Complaint.

46.    The averments contained in paragraph 46 of the Complaint alleging that Defendant's actions constitute an unfair practice and violate public policy set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies these averments contained in paragraph 46 of the Complaint. Defendant denies the remainder of the averments set forth in paragraph 46 of the Complaint.

test00029

47.    The averments contained in paragraph 47 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 47 of the Complaint.

48.    Defendant denies the averments contained in paragraph 48 of the Complaint.

49.    Defendant denies the averments contained in paragraph 49 of the Complaint.

50.    Defendant denies all averments in the Complaint not expressly admitted.

### THIRD DEFENSE

Plaintiff's claims, in whole or in part, are barred by Defendant's established business relationship with the Plaintiff.

### FOURTH DEFENSE

At all times complained of, Defendant acted in good faith and in conformity with all applicable standards, laws and regulations applicable to its conduct.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, assumption of risk, unclean hands, and failure to mitigate damages.

### SIXTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by Plaintiff's consent.

### SEVENTH DEFENSE

The alleged acts or omissions of the Defendant were not the proximate cause or a substantial factor in causing the Plaintiff's alleged injuries or damages.

### EIGHTH DEFENSE

Plaintiff's claims, in whole or in part, may be barred by the acts or omissions of others over whom the Defendant had no control.

test00030

## NINTH DEFENSE

Plaintiff's claims, in whole or in part, may have been caused and brought about by a superseding and intervening event.

## TENTH DEFENSE

Defendant reserves the right to plead further herein and specifically reserves the right to amend this answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

**WHEREFORE,** Defendant demands as follows:

1.      Dismissal of the complaint with prejudice;

2.      Trial by jury;

3.      Defendant's attorney fees and costs expended in this action; and,

4.      Any and all other relief to which Defendant appears entitled.


Respectfully submitted,

/s/ Marty J. Schwartz
Marty J. Schwartz
222 North LaSalle Street
Suite 1960
Chicago, Illinois 60601
Telephone: 312.422-4380
Facsimile: 312.422-4399

William A. Hoskins
Jackson Kelly PLLC
175 E. Main Street, Suite 500
P.O. Box 2150
Lexington, Kentucky 40588-9945
Telephone: (859) 255-9500
Facsimile: (859) 288-2849
*Counsel for Carlson Software, Inc.*

test00031

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served by U.S.

Mail upon the following:

Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
*Counsel for Plaintiff*

Phillip A. Bock
Diab & Bock, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
*Counsel for Plaintiff*

On this the 17th day of June, 2008.

/s/ Marty J. Schwartz
*Counsel for Carlson Software, Inc.*

test00032

# Adam

| | |
|---|---|
| **From:** | Erin |
| **Sent:** | Tuesday, June 17, 2008 12:54 PM |
| **To:** | Adam |
| **Subject:** | FW: Carlson Software: Documents for Filing |
| **Attachments:** | CE Design v. Carlson Software. Notice of Removal (L0428008).DOC; Carlson Software State Court Record.pdf; Carlson Software. Notification of Affiliates (L0429061).DOC; Carlson Software Answer (L0428950).DOC |

Adam,
Marty told me to coordinate with you to get these on file today.
Erin

**From:** Lee, Christi [mailto:crlee@jacksonkelly.com]
**Sent:** Tuesday, June 17, 2008 12:42 PM
**To:** Erin
**Cc:** sosueme; whoskins@jacksonkelly.com
**Subject:** Carlson Software: Documents for Filing

Erin,
   Attached are the documents for electronic filing in the U.S. District Court Northern District of Ill., Eastern Division:

NOTE: Everything must be filed as an attachment to the Notice of Removal since we do not yet have a case number assigned.

(1) Notice of Removal
(2) Complaint, Summons, and Plaintiff's Motion for Class Certification from state court record (This should be attached to the Notice of Removal as Exhibit A)

(3) Rule 3.2 Notification Statement (This should be attached to the Notice of Removal as Exhibit B)
(4) Carlson Software's Answer (This should be attached to the Notice of Removal  as Exhibit C)

Please also file the Answer only in Cook County Circuit Court. The federal court clerk suggested that we also file the answer in state court due to the Court's possible delay in setting this case up. NOTE - The signature line on the Answer must be changed for filing in state court so that Marty can actually sign the filing. The Answer in its current form is correct for filing electronically in federal court.

Once we get a case number, we will file the pro hac vice documents.

Please do not hestitate to contact me with any problems, questions, or concerns. Let me know when the documents have been filed. Thanks,

<<CE Design v. Carlson Software. Notice of Removal (L0428008).DOC>>

<<Carlson Software State Court Record.pdf>>
<<Carlson Software. Notification of Affiliates (L0429061).DOC>>
<<Carlson Software Answer (L0428950).DOC>>

test00033

*Christi R. Lee*
*Jackson Kelly PLLC*
*175 E. Main Street*
*Suite 500*
*Lexington, KY 40507*
*Telephone: (859) 288-2807*
*Facsimile: (859) 288-2849*

**Confidentiality Note:** This e-mail message from the law office of Jackson Kelly PLLC is for the sole use of the intended recipient or recipients and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, distribution, or other dissemination of this e-mail message and/or the information contained therein is strictly prohibited.  If you are not the intended recipient of this e-mail message, please contact the sender by reply e-mail and destroy all copies of the original message.

test00034

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT – CHANCERY DIVISION**

CE DESIGN LTD., individually and as the )
representative of a class of similarly-situated )
persons, )

        Plaintiff,         )   Case No. 07 CH 37170

        v.         )

CARLSON SOFTWARE, INC.     )

        Defendant.     )

## NOTICE OF FILING

To:   Brian J. Wanca               To: Phillip Bock
      3701 Algonquin Rd.            134 N. LaSalle
      Ste. 760                       Ste. 1000
      Rolling Meadows, IL 60008       Chicago, IL 60602

    PLEASE TAKE NOTICE that on **June 17, 2008**, I filed with the Clerk of the Circuit Court, **Answer of Carlson Software, Inc.**, a copy of which is attached hereto.

Name:   Marty J. Schwartz & Associates      Attorney for:   Defendant
Address: 222 N. LaSalle, Ste. 1960         City:    Chicago, IL 60601
Phone:   312.422.4389              Atty. No.:     50839

## PROOF OF SERVICE

    Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that a copy of the Notice and the attached **Answer** were served on each person to whom it is addressed by one of the following:

  _✓_ Faxing a copy personally to each person to whom it is directed on .
  ____ Delivering a copy personally to each person to whom it is directed on _____
  _X_ Mailing a copy thereof to each person to whom it is directed by depositing same in the U.S. mail with proper postage prepaid at Three First National Plaza, Suite 3700, Chicago, IL at 5:00 p.m. on _June 17, 2008_.

Signed and Certified by: _____



EXHIBIT
D

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT – CHANCERY DIVISION

CE DESIGN LTD., individually and as the )
representative of a class of similarly-situated )
persons, )
         )
        **Plaintiff,** )    **Case No. 07 CH 37170**
         )
        **v.** )
         )
CARLSON SOFTWARE, INC. )
         )
        **Defendant.** )

### ANSWER OF CARLSON SOFTWARE, INC.

Carlson Software, Inc. states as follows for its answer to Plaintiff's Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief may be granted.

### SECOND DEFENSE

1.      Paragraph 1 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 1 of the Complaint.

2.      The averments contained in paragraph 2 of the Complaint set forth legal conclusions to which no response is required.

3.      Paragraph 3 of the Complaint contains broad categorical statements not specifically addressed to this Defendant and does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      With respect to paragraph 6 of the Complaint, Defendant admits that it conducts business in Illinois. Defendant denies the remainder of the averments contained in paragraph 6 of the Complaint.

7.      Defendant denies the averments contained in paragraph 7 of the Complaint.

8.      Defendant denies the averments contained in paragraph 8 of the Complaint.

## PARTIES

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint.

10.     Defendant admits the averments contained in paragraph 10 of the Complaint.

## FACTS

11.     Defendant admits the averments contained in paragraph 11 of the Complaint.

12.     Defendant denies the averments contained in paragraph 12 of the Complaint.

13.     Defendant denies the averments contained in paragraph 13 of the Complaint.

test00037

14.     The averments contained in paragraph 14 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 14 of the Complaint.

## COUNT I

15.     With respect to the averments incorporated by reference in paragraph 15 of the Complaint, Defendant incorporates by reference its responses previously set forth.

16.     Paragraph 16 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 16 of the Complaint

17.     Defendant denies the averments contained in paragraph 17 of the Complaint.

18.     With respect to the averments contained in paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment alleging that Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. The remainder of the averments contained in paragraph 18 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the remainder of the averments contained in paragraph 18 of the Complaint.

19.     Defendant denies the averments contained in paragraph 19 of the Complaint.

20.     The averments contained in paragraph 20 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 20 of the Complaint.

test00038

21.    The averments contained in paragraph 21 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 21 of the Complaint.

22.    The averments contained in paragraph 22 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 22 of the Complaint.

23.    The averments contained in paragraph 23 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 23 of the Complaint.

24.    The averments contained in paragraph 24 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the averments contained in paragraph 24 of the Complaint.

25.    The averments contained in paragraph 25 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 25 of the Complaint.

26.    The averments contained in paragraph 26 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the averments contained in paragraph 26 of the Complaint.

27.    Defendant denies the averments contained in paragraph 27 of the Complaint.

28.    The averments contained in paragraph 28 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 28 of the Complaint.

test00039

## COUNT II

29.    With respect to the averments incorporated by reference in paragraph 29 of the Complaint, Defendant incorporates by reference its responses previously set forth.

30.    Paragraph 30 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 30 of the Complaint

31.    Defendant denies the averments contained in paragraph 31 of the Complaint.

32.    With respect to the averments contained in paragraph 32 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment alleging that Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. The remainder of the averments contained in paragraph 32 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the remainder of the averments contained in paragraph 32 of the Complaint.

33.    Defendant denies the averments contained in paragraph 33 of the Complaint.

34.    The averments contained in paragraph 34 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 34 of the Complaint.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained paragraph 35 of the Complaint.

36.    The averments contained in paragraph 36 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 36 of the Complaint.

test00040

37.     Defendant denies the averments contained in paragraph 37 of the Complaint.

38.     Defendant denies the averments contained in paragraph 38 of the Complaint.

39.     Defendant denies the averments contained in paragraph 39 of the Complaint.

40.     Defendant denies the averments contained in paragraph 40 of the Complaint.

## COUNT III

41.     With respect to the averments incorporated by reference in paragraph 41 of the Complaint, Defendant incorporates by reference its responses previously set forth.

42.     Paragraph 42 of the Complaint does not contain averments to which a response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 42 of the Complaint.

43.     Defendant denies the averments contained in paragraph 43 of the Complaint.

44.     With respect to the averments contained in paragraph 44 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment alleging that Plaintiffs' counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. The remainder of the averments contained in paragraph 44 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the remainder of the averments contained in paragraph 44 of the Complaint.

45.     Defendant denies the averments contained in paragraph 45 of the Complaint.

46.     The averments contained in paragraph 46 of the Complaint alleging that Defendant's actions constitute an unfair practice and violate public policy set forth legal conclusions to which no response is required. To the extent a response is required, Defendant

test00041

denies these averments contained in paragraph 46 of the Complaint. Defendant denies the remainder of the averments set forth in paragraph 46 of the Complaint.

47.    The averments contained in paragraph 47 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 47 of the Complaint.

48.    Defendant denies the averments contained in paragraph 48 of the Complaint.

49.    Defendant denies the averments contained in paragraph 49 of the Complaint.

50.    Defendant denies all averments in the Complaint not expressly admitted.

### THIRD DEFENSE

Plaintiff's claims, in whole or in part, are barred by Defendant's established business relationship with the Plaintiff.

### FOURTH DEFENSE

At all times complained of, Defendant acted in good faith and in conformity with all applicable standards, laws and regulations applicable to its conduct.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, assumption of risk, unclean hands, and failure to mitigate damages.

### SIXTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by Plaintiff's consent.

### SEVENTH DEFENSE

The alleged acts or omissions of the Defendant were not the proximate cause or a substantial factor in causing the Plaintiff's alleged injuries or damages.

### EIGHTH DEFENSE

test00042

Plaintiff's claims, in whole or in part, may be barred by the acts or omissions of others over whom the Defendant had no control.

## NINTH DEFENSE

Plaintiff's claims, in whole or in part, may have been caused and brought about by a superseding and intervening event.

## TENTH DEFENSE

Defendant reserves the right to plead further herein and specifically reserves the right to amend this answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

**WHEREFORE,** Defendant demands as follows:

1.    Dismissal of the complaint with prejudice;

2.    Trial by jury;

3.    Defendant's attorney fees and costs expended in this action; and,

4.    Any and all other relief to which Defendant appears entitled.

Respectfully submitted,

Marty J. Schwartz
222 North LaSalle Street
Suite 1960
Chicago, Illinois 60601
Telephone: 312.422-4380
Facsimile: 312.422-4399
Atty. No. 50839

William A. Hoskins
Jackson Kelly PLLC
175 E. Main Street, Suite 500
P.O. Box 2150
Lexington, Kentucky 40588-9945
Telephone: (859) 255-9500
Facsimile: (859) 288-2849
*Counsel for Carlson Software, Inc.*

test00043